IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ABEL SUAREZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | |
| § | No. 3:13-cv-1459-P-BN |
| § | |
| CAROLYN W. COLVIN, § | |
| Acting Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Abel Suarez seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated below, the hearing decision should be reversed.

**Background**

Plaintiff alleges that he is disabled as a result of Human Immunodeficiency Virus ("HIV"), depression, anxiety, bilateral knee pain, right leg pain, and tuberculosis. *See* Dkt. No. 17 at 7-10. After his applications for disability and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). *See* Administrative Record [Dkt. No. 15 ("Tr.")] at 76-79, 96. That hearing was held on September 10, 2012. *See id.* at 34. At the time of the hearing, Plaintiff was 50 years old. *See id.* at 49. He has a high school equivalency diploma, *see id.* at 52, and past work experience as an inventory clerk, proofreader machine operator, and floral designer/store manager, *see id.* at 28,

54-56. Plaintiff has not engaged in substantial gainful activity since January 1, 2010. *See id.* at 22, 56.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. *See id.* at 28. Although the medical evidence established that Plaintiff suffered from HIV and major depressive disorder, the ALJ concluded that those impairments' severity did not meet or equal any impairment listed in the social security regulations. *See id.* at 22, 23. The ALJ further determined that Plaintiff had the residual functional capacity to perform his past relevant work as an inventory clerk, proofreader machine operator, and floral designer/store manager. *See id.* at 28.

Plaintiff appealed that decision to the Appeals Council. *See id.* at 15-16. The Appeals Council affirmed. *See id.* at 1.

Plaintiff then filed this action in federal district court. *See* Dkt. No. 1. Plaintiff challenges the hearing decision on four general grounds: (1) the ALJ committed reversible error by allowing Plaintiff to appear by telephone at the administrative hearing; (2) substantial evidence does not support the finding that Plaintiff is capable of performing past relevant work; (3) the ALJ did not fully and fairly develop the record; and (4) the Appeals Council failed to consider new and material evidence of Plaintiff's disability. *See* Dkt. No. 17.

The undersigned concludes and recommends that the hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with the findings and conclusions set forth below.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity."). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the

national economy that the claimant can perform. *See Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show

5

that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Among the arguments that Plaintiff makes is a single ground that compels remand.[1] In his first issue, Plaintiff argues that the ALJ committed reversible error by allowing Plaintiff to appear by telephone at the administrative hearing for two reasons: (1) at the time of the hearing, the Code of Federal Regulations did not allow a claimant to appear by telephone and (2) as a result of telephonic testimony from Plaintiff and other witnesses, Plaintiff was denied due process and a full and fair hearing. *See* Dkt. No. 17 at 10-14.

After the hearing was scheduled for September 10, 2012 in San Antonio, Texas, Plaintiff requested that he be able to appear by telephone because he had recently moved from Laredo to Dallas and he lacked transportation. *See* Tr. at 260-61. Plaintiff also asked the ALJ not to transfer the case to Dallas or to delay the hearing. *See id.* The Commission granted Plaintiff's requests. *See id.*

The hearing was conducted on September 10, 2012, in San Antonio. *See id.* at 34. Plaintiff, who is represented by counsel on appeal, appeared by telephone and represented himself *pro se* at the hearing. *See id.* at 36-37; *see generally id.* at 34-75. The medical expert and the vocational expert also appeared by telephone. *See id.* at 36.

---

[1] By recommending that the Court remand this case for further administrative proceedings, the undersigned does not suggest that Plaintiff is or should be found disabled.

6

The hearing monitor who recorded the proceeding appeared by video teleconference from Laredo. *See id.* at 36, 43.

Plaintiff and the other witnesses had difficulty hearing each other's testimony. *See id.* at 43, 45, 46, 69. The hearing monitor also had "trouble hearing," *id.* at 43, and the hearing transcript contains 75 notations that testimony was inaudible, *see id.* at 40, 42, 43-49, 51-64, 66-70, 75.

At the beginning of the hearing, the ALJ told the Plaintiff and witnesses that, "since we've got all these phones hooked up here and everything ... if you don't hear what the doctor is saying or what the vocational expert says later on you got to let me know that. And what I'll do is take what they've said and kind of pass it along to you. Because I think you can both hear me but they can't necessarily hear what you're saying ... and you can't necessarily hear what they're saying. So if you don't hear something and you want to hear it ... I'll repeat it...." *Id.* at 41. The ALJ subsequently attempted to summarize testimony in response to statements from Plaintiff, medical expert George Decker, and the vocational expert that they each could not hear testimony. *See id.* at 45, 46, 69-70.

Dr. Decker testified concerning the results of his consultative examination of Plaintiff and his opinions that Plaintiff's impairments individually or in combination did not meet or equal a listing and that Plaintiff would be able to perform medium work with no physical limitations. *See id.* at 42-46. Plaintiff "could barely hear" Dr. Decker's testimony and "didn't really hear his opinion," so the ALJ stated a condensed version of Dr. Decker's testimony. *Id.* at 45-46. In response to the ALJ's invitation to

7

cross-examine Dr. Decker, Plaintiff instead disagreed with Dr. Decker's opinions, as relayed by the ALJ, and testified that he could not kneel or squat because of knee pain; his hands, arms, and left leg were numb because of a spinal impingement; he lived in a nursing-home type facility that had bath and shower rails; he had to spend most of his time lying down; and he could not walk, stand, or sleep for a long time. *See id.* at 46. Dr. Decker could not hear Plaintiff's testimony, and the ALJ provided a condensed version in which he omitted reference to the numbness in Plaintiff's hands, arms, and left leg. *See id.* at 46.

The VE also stated that she did not hear some of Plaintiff's responses during the ALJ's examination of Plaintiff. *See id.* at 69. The ALJ paraphrased the portion of Plaintiff's testimony referred to by the VE but stated that Plaintiff used "a little machine" or a "small machine" to conduct inventory when Plaintiff testified that he used a 10-key machine. *Id.* at 55, 69-70. The ALJ relied on the VE's testimony to determine that Plaintiff was capable of performing past relevant work, including as an inventory clerk or proofreader machine operator, and therefore was not disabled. *See id.* at 28.

At the time of the hearing, the Code of Federal Regulations provided that a claimant could appear at an administrative disability hearing in only three ways: in person, by video teleconference, or through a designated representative. *See* 20 C.F.R. § 404.950(a) (disability); 20 C.F.R. § 416.1450(a) (SSI); *see also* Social Security Hearings, Appeals and Litigation Law Manual I-2-0-72 A, 1993 WL 642963 (Dec. 11, 2013) (same). The regulations subsequently were amended to allow a claimant to

8

appear by telephone in extraordinary circumstances. *See* 78 Fed. Reg. 29624-01 (May 21, 2013) (disability); 78 Fed. Reg. 29628 (May 21, 2013) (SSI). The regulations were amended to make the hearings process more efficient and to reduce the hearings backlog. *See id.*

Plaintiff argues, and the undersigned agrees, that the trial court erred by allowing Plaintiff to appear by telephone because the regulations did not provide for telephonic testimony at the time of the hearing. *See Edwards v. Astrue*, No. 3:10cv1017 (MRK), 2011 WL 3490024, at *7 (D. Conn. Aug. 10, 2011) ("The few courts that have addressed this issue have usually found the inclusion of such telephone evidence to be legal error.") (collecting cases); *see also Koutrakos v. Astrue*, 906 F. Supp. 2d 30, 42 (D. Conn. 2012) (harmful error to allow the VE to testify by telephone over claimant's objection when regulation did not provide for telephonic testimony).

The Court need not determine whether that error was prejudicial in light of the amendments, however, because the undersigned finds that the telephonic testimony in this case was prejudicial for another reason.

Plaintiff also argues that the poor quality of the telephonic testimony in this case deprived him of due process and a full and fair hearing. The transcript contains many gaps – shown in the record as (INAUDIBLE) – when testimony could not be transcribed. Some of those gaps are inconsequential. But others make it difficult to understand exactly what the witness was saying and, in the case of Dr. Decker, to discern the basis for his expert opinion. The problem is compounded by the ALJ's relaying summaries of the inaudible testimony and the subsequent responses or cross-

9

examination based not on what the witness said but on what the ALJ said that the witness said.

In this case, the transcript does not reflect the evidence on which the ALJ's findings and decision were based because of the technical difficulties that resulted from allowing the claimant, medical expert, and VE to appear by telephone. The Commissioner has an obligation to provide a copy of the "transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g); *see also Ainsworth v. Astrue*, No. 09-cv-286-SM, 2010 WL 2521432, at *4 (D. N.H. June 17, 2010); *Dandeneau v. Heckler*, 607 F. Supp. 583, 584 (D. Me. 1985).

The undersigned finds that the Court cannot ascertain what evidence the ALJ relied on because of the defects in the transcript – both the inaudible responses and the ALJ's summaries of the evidence instead of the evidence itself – and, therefore, cannot conduct a meaningful review on appeal. *Cf. Henry v. Colvin*, ___Fed. App'x ___, 2014 WL 1303204, at *1 (2d Cir. 2014) (finding harmless error because, among other things, there was no evidence of technical difficulties that limited effectiveness of VE cross-examination).

Under these circumstances, the undersigned concludes that the error was harmful. *See Koutrakos*, 906 F. Supp. 2d at 35-42; *Ainsworth*, 2010 WL 2521432, at *4. The case should be remanded so that the ALJ can obtain testimony in an appropriate manner and a complete record of that testimony can be prepared for use on appeal.

**Recommendation**

The hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 17, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

11