IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ABEL SUAREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-1459-P-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Abel Suarez filed an Application for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, *et seq*. *See* Dkt. No. 28. Chief Judge Jorge A. Solis referred Plaintiff's motion for attorney's fees to the undersigned magistrate judge for recommendation. *See* Dkt. No. 29.

Plaintiff successfully appealed the denial of his claim for Social Security Income. As a result, his claim was remanded to the Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for the purpose of conducting further administrative proceedings. *See* Dkt. Nos. 25, 26, & 27.

Plaintiff then moved for an award of attorney's fees under the EAJA. Under the EAJA, the Court must award attorneys' fees and expenses if: (1) the claimant is the "prevailing party"; (2) the Government's position was not "substantially justified"; and (3) there are not special circumstances that make an award unjust. *See Murkledove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)). To be the

"prevailing party" for purposes of the EAJA, the claimant must obtain a "sentence four" judgment reversing denial of disability benefits and requiring further proceedings before the agency. *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Any attorneys' fees awarded under the EAJA must be reasonable. *See* 28 U.S.C. § 2412(b).

Here, as the prevailing party, Plaintiff seeks $6,046.00 in attorneys' fees. Plaintiff's fee request is based on an hourly rate of $178.75 for 29.2 hours of attorney work ($5,219.50) and an hourly rate of $95.00 for 8.7 hours of paralegal work ($826.50). *See* Dkt. No. 28 & 28-1. Plaintiff's counsel has submitted an itemized statement detailing the time devoted to the case. *See* Dkt. No. 28-2.

Defendant does not dispute Plaintiff's entitlement to an attorneys' fees award or the hourly rates requested but objects only to 40 minutes of attorney time that Defendant argues was for clerical work and should have been billed at the paralegal rate or not billed at all. That work consists of emailing a copy of a brief, completing an EAJA application, and correcting a task previously performed. *See* Dkt. No. 32. Plaintiff did not respond to Defendant's objection. The objection is well taken, and deducting the fees for the correction (5 minutes) and awarding only paralegal fees for the clerical tasks emailing a copy of a brief and completing an EAJA application (35 minutes) results in deduction of $62.88 ($14.30 [$178.75 x .08] and $48.58 [($178.75 - $95.00) x .58]) and a total reasonable attorneys' fee award of $5,983.12.

Defendant also contends that the fee award must be made payable to Plaintiff and not to his attorney. Plaintiff does not address this issue. The undersigned agrees that the fee award should be made payable to Plaintiff. *See Taylor v. Colvin,* No. 3:12-

cv-2750-P-BN, 2014 WL 696494, at *5 (N.D. Tex. Feb. 21, 2014).

## Recommendation

Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act ("EAJA") [Dkt. No. 28] should be granted in part, Plaintiff should be awarded $5,983.12 in attorney's fees, and Defendant should be ordered to make the check payable to Abel Suarez but to mail the check to Plaintiff's attorney's address.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 9, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE